**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FERN TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | Case No. 5:25-cv-08846-BLF<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re: ECF No. 8] |

Before the Court is Defendant Portfolio Recovery Associates LLC's ("Portfolio's") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 8 ("Mot."); ECF No. 9 ("Reply"). Pro se Plaintiff Fern Tran has not filed an opposing brief. The motion is suitable for decision without oral argument; the hearing set for March 26, 2026, is VACATED. *See* Civ. L.R. 7-11(b).

The motion is DENIED.

**I.    BACKGROUND**

On September 12, 2025, Ms. Tran filed her complaint against Portfolio, alleging violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Act ("CCRAA") for failure to investigate. ECF No. 1-1 ("Compl."). Portfolio removed the action to federal court, ECF No. 1, and filed its answer concurrently with this motion, ECF No. 7 ("Answer").

The complaint alleges as follows. Portfolio is a debt collector. Compl. ¶ 4. Ms. Tran alleges that Portfolio reported that she owed an outstanding balance of $12,057.72 on a Citibank account ending in 2834 to consumer reporting agencies, including Equifax, Experian, and TransUnion. *Id.* ¶¶ 4, 7, 9. Ms. Tran alleges that she has no account with Citibank ending in

2834. *Id.* ¶ 8. On June 2, 2024, June 9, 2025, and September 4, 2025, Ms. Tran submitted online disputes to Equifax, Experian, and TransUnion regarding the Account information, which was transmitted to Portfolio through the Automated Consumer Dispute Verification system. *Id.* ¶¶ 11–12. In August 2025, she sent additional dispute correspondence to Portfolio. *Id.* ¶¶ 13–14. Ms. Tran alleges that Portfolio failed to investigate the dispute, unfairly causing her credit score to be lowered. *Id.* ¶¶ 15, 17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, when considering a Rule 12(c) motion, a district court "must accept the facts as pled by the nonmovant." *Id.* at 1053. The district court then must apply the *Iqbal* standard to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso*, 637 F.3d at 1054 & n.4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A district court generally may not consider materials outside the pleadings in deciding a motion under either Rule 12(b)(6) or Rule 12(c), and if such materials are presented to the court and not excluded, the motion must be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). A district court may, however, consider the following materials without converting a Rule 12(c) motion to a Rule 56 motion: "(1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007) (nonprecedential).

## III. DISCUSSION

To succeed on her FCRA claim, Ms. Tran must prove: "(1) Defendant is a 'furnisher'; (2) Plaintiff notified the [credit reporting agency] that Plaintiff disputed the reporting as inaccurate; (3) the [credit reporting agency] notified the furnisher of the alleged inaccurate

2

1  information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to
2  conduct the investigation required by § 1681s-2(b)(1)." *Gorman v. Wolpoff & Abramson, LLP*,
3  584 F.3d 1147, 1155–57 (9th Cir. 2009). "Similar to the FCRA, the CCCRAA requires furnishers
4  not to provide 'information on a specific transaction or experience to any consumer credit
5  reporting agency if the [furnisher] knows or should know that the information is incomplete or
6  inaccurate.'" *Soria v. U.S. Bank N.A.*, No. 17-cv-00603-CJC-KESX, 2019 WL 8167925, at *8
7  (C.D. Cal. Apr. 25, 2019) (quoting Cal Civ. Code § 1785.25(a)).

8       Portfolio argues that it is entitled to judgment on the pleadings because Ms. Tran failed to
9  timely seek validation of her account and because Portfolio complied with its statutory
10 requirements in investigating each of Ms. Tran's disputes. Mot. at 12. In support of this
11 argument, Portfolio has submitted documentation reflecting that Portfolio completed its
12 investigations of each of the disputes. *See* ECF Nos. 7-3, 7-4, 7-6, 7.7. As a threshold issue, it is
13 unclear whether the Court may properly look to this documentation in resolving Portfolio's
14 Rule 12(c) motion—while Ms. Tran alleges that the investigations conducted by Portfolio were
15 not reasonable, she does not expressly rely on such documentation, and Portfolio's argument that
16 she incorporated these documents is somewhat tenuous.

17      Even if the Court were to consider them, however, these documents only reflect that an
18 investigation was carried out: They provide no information as to what steps Portfolio took, and
19 this is insufficient as a matter of law to resolve Ms. Tran's claims at the pleadings stage. "A
20 furnisher cannot escape its obligations 'by merely rubber stamping,' particularly 'where the
21 circumstances demand[] a more thorough inquiry.'" *Soria*, 2019 WL 8167925, at *8 (quoting
22 *Gorman*, 584 F.3d at 1156). "[T]he reasonableness of any investigation involving identity theft is
23 likely to be a highly individualized and fact-intensive inquiry." *Miller v. Westlake Servs. LLC*,
24 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022) (alterations in original) (quoting *Romero v. Monterey*
25 *Fin. Servs., LLC*, No. 19-cv-01781-JM-KSC, 2021 WL 268635, at *3 (S.D. Cal. Jan. 27, 2021).

26      The Court is also not persuaded by Portfolio's argument in its reply brief that, "[b]y failing
27 to respond, [Ms. Tran] has waived any argument in opposition to [the] motion." Reply at 2. Each
28 of the cases Portfolio cites in its reply brief involve cases where a plaintiff filed an opposition brief

but failed to address arguments against a claim in that brief.  *See, e.g.*, *Martin v. Masters, Mates, & Pilots*, 761 F. Supp. 3d 1236, 1242 (N.D. Cal. 2025) ("Martin concedes dismissal of that claim by failing to address the motions to dismiss it *in his opposition briefs*." (emphasis added)).  In light of Ms. Tran's pro se status and the dubious nature of Portfolio's arguments, the Court declines Portfolio's invitation to find that it has discharged its burden at the pleadings stage simply because Ms. Tran has failed to file an opposition brief.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that: the motion is DENIED.

Dated:  December 19, 2025

_____
BETH LABSON FREEMAN
United States District Judge